# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| KENDRICK COFFEE, ) | |
| ) | Case No. 4:05-cr-17 / 4:16-cv-47 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 52.) Petitioner submitted the relevant § 2255 petition on June 9, 2016. (Doc. 45.)[1] In it, he challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.* (suggesting that his sentence is no longer valid because the residual clause in Section 4B1.2 is equally vague).)[2]

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing Petitioner's case to determine whether he was entitled to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Consistent with that appointment, FDSET filed the instant petition for collateral relief. (Doc. 45 (challenging the post-*Johnson* status of Petitioner's prior convictions for aggravated burglary and escape).)

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Shortly thereafter—on March 24, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles*. (Doc. 52.) Petitioner has not filed a response, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

On March 31, 2017, FDSET filed two motions: one asking to withdraw as appointed counsel under the Standing Order in light of *Beckles* (Doc. 54 (explaining that she cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)); and another requesting that the Court grant Petitioner leave

---

extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

and a 30-day extension of time to file *pro se* arguments in support of the existing-petition (Doc. 53).

I.     **RESOLUTION OF NON-DISPOSITIVE MOTIONS**

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw (Doc. 54) will be **GRANTED** and counsel will be relieved of her duties under the Standing Order. The request for an extension of time (Doc. 53) will be **DENIED** because Petitioner has had more than enough time to submit pro se arguments in support of his existing grounds or supplement the same with additional theories of collateral relief. The petition has been pending before this Court for more than nine months. Further, almost two months has passed since the Supreme Court decided *Beckles*. The Court finds any extension would be inappropriate under the circumstances.

II.    **DISPOSITIVE MOTION AND § 2255 PETITION**

To the extent that Petitioner argues that *Johnson* invalidated the Guideline residual clause and that, without that clause, Petitioner's prior convictions for aggravated burglary and escape cannot be categorized as crimes of violence, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* does not affect Petitioner's status as a career offender, it cannot justify relief.

III.   **CONCLUSION**

For the foregoing reasons and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss (Doc. 52) will be **GRANTED** and Petitioner's § 2255 petition (Doc. 45) will be **DENIED** and **DISMISSED WITH PREJUDICE**. FDSET's motion to withdraw (Doc. 54) will be **GRANTED** and request for an extension of time (Doc. 53) will be **DENIED**. This Court will

**CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

      **ORDER ACCORDINGLY.**

                                                  */s/ Travis R. McDonough*
                                                  **TRAVIS R. MCDONOUGH**
                                                  **UNITED STATES DISTRICT JUDGE**